In the Matter of ROBERT G. WILKENS, an Attorney, Respondent. ROBERT C. ALEXANDER, Petitioner.

Second Department, December 16, 1974.

*Robert C. Alexander,* petitioner *pro se.*

*Donald P. DeRiggi* for respondent.

*Per Curiam.* The respondent was admitted to practice by the Appellate Division, First Judicial Department, on January 28, 1941. In this proceeding to discipline him for professional misconduct, he was charged with three specifications of misconduct, as follows: (1) as attorney for a decedent's estate he neglected to expeditiously attempt collection on a promissory note, failed to acknowledge requests from heirs as to the status of the matter, gave false information to them, failed to co-operate with them, burdened the estate with the expense of retaining another attorney to proceed against him and failed to respond to the Grievance Committee of the Nassau County Bar Association; (2) after having been retained in a personal injury case he neglected the claim and allowed it, as to at least one defendant, to be barred by the Statute of Limitations and gave false information to his client concerning the status of the claim, including misleading his client into believing that the case had been settled; (3) he sought to settle a claim for personal injuries in behalf of his client for $500, without the permission of his client, and the client made numerous attempts to contact the respondent to advise the latter of his refusal of the proposed settlement, to which he received no response from the respondent.

The hearing of this matter before Mr. Justice BERMAN was commenced on January 11, 1974, continued on February 1, 1974 and March 15, 1974, and concluded on March 22, 1974. His report was filed with this court on May 13, 1974.

The petitioner now moves to confirm the report of Mr. Justice BERMAN. The report found that the evidence failed to sustain

the first charge and indicated that, while the respondent was careless in losing a promissory note, that "should not be considered professional misconduct."

The report sustained the second and third charges. It should be pointed out that the respondent did not misappropriate or convert his clients' funds; nor did he, in any way, benefit from his misconduct.

After reviewing all the testimony, the report and the other documents submitted, we are in full accord with the findings in the report. The petitioner's motion to confirm the report should be and hereby is granted.

In determining the nature of the discipline to be imposed we have taken into consideration the respondent's previously unblemished and exemplary record, as well as his obvious contrition for his improper conduct. Accordingly, it is our opinion that the respondent be and he hereby is censured for his misconduct.

GULOTTA, P. J., HOPKINS, MARTUSCELLO, LATHAM and SHAPIRO, JJ., concur.